MORAH v. STEELE.

(Supreme Court, Appellate Division, Third Department. May 22, 1913.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 63*)—APPOINTMENT OF SCHOOL TRUSTEE—APPEAL.

Under Education Law (Consol. Laws 1910, c. 16) § 95, providing for the removal by the Commissioner of Education of any school officer who willfully neglects a duty or disobeys any regulation, and section 880, subd. 7, providing for an appeal to the Commissioner by petition upon complaint of any other act of any school officer pertaining to the common schools, the right of appeal is given from the act of the Commissioner in making the appointment, whether that act be illegal, or merely improvident by reason of the disqualification of the trustee appointed.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 149–160; Dec. Dig. § 63.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 63*)—APPOINTMENT OF SCHOOL TRUSTEE—REVIEW.

Under Education Law (Consol. Laws 1910, c. 16) § 880, providing for appeals to the Commissioner of Education by petition, and, by subdivision 7, for appeal upon complaint of any act of any school officer relating to the common schools, the fact that a petition stating facts which would render the appointment by the Commissioner an improper one did not itself ask for a review of the act of appointment, but only the removal of the trustee, did not take from the Commissioner the power to review the act of appointment; the removal of the trustee being only an incident to a determination of the appeal adversely to him.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 149–160; Dec. Dig. § 63.*]

3. LIBEL AND SLANDER (§ 50*)—PRIVILEGED COMMUNICATIONS—CHARACTER OF PUBLIC OFFICER—SCHOOL TRUSTEE.

Statements, in a petition to the Commissioner of Education for the removal of plaintiff as school trustee on the ground that he was morally unfit to hold the office, that he could barely read and write, that he was intemperate, and had been intoxicated in public places, being relevant to the legality or propriety of his appointment, were privileged, irrespective of the petitioner's belief in the relevancy thereof.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 149; Dec. Dig. § 50.*]

4. LIBEL AND SLANDER (§ 50*)—PRIVILEGED COMMUNICATIONS—BELIEF IN RELEVANCY.

A belief of one petitioning the Commissioner of Education for the removal of a school trustee in the relevancy of the matters alleged to show the unfitness and incompetency of the trustee makes such matters privileged.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 149; Dec. Dig. § 50.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. LIBEL AND SLANDER (§ 112*)—ACTIONS—SUFFICIENCY OF EVIDENCE—JUSTIFICATION.

Evidence, in an action for libel because of statements in defendant's petition for plaintiff's removal as a school trustee, to the effect that plaintiff was illiterate, incompetent, and morally unfit for the office, *held* to justify the charges made.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 325-341; Dec. Dig. § 112.*]

6. LIBEL AND SLANDER (§ 112*)—ACTIONS—SUFFICIENCY OF EVIDENCE—BELIEF IN RELEVANCY OF STATEMENTS.

Evidence, in an action for libel on the ground of defendant's statements in a petition for the removal of plaintiff as school trustee, to the effect that plaintiff was illiterate, incompetent, and morally unfit, *held* to show defendant's belief in the relevancy of the charges made.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 325-341; Dec. Dig. § 112.*]

Lyon and Woodward, JJ., dissenting

Appeal from Trial Term, Clinton County.

Action by Isaac Morah against Edgar W. Steele. From a judgment upon a verdict and from an order denying defendant's motion for new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Egbert C. Everest, of Plattsburgh, for appellant.
Patrick J. Tierney, of Plattsburgh, for respondent.

SMITH, P. J.   Plaintiff has recovered a verdict for $300 against the defendant for libel. The libel is charged to have been stated in a petition by the defendant to the State Commissioner of Education for the removal of plaintiff as school trustee of school No. 16, town of Mooers, Clinton county, N. Y. The petition was for the removal of the plaintiff and two others. The charge made in the petition was that said trustees were unfit and incompetent persons intellectually, morally, and temperamentally to hold the office.

"That said Isaac Morah can barely read and write and has practically no education. * * * That said Isaac Morah has for many years been addicted to the use of intoxicating liquor as a beverage, and frequently has been intoxicated in public places in the village of Mooers Forks, and on one occasion, about a year ago, said Isaac Morah was intoxicated in said village in a public place, to wit, on the street near J. M. Corkins' store, and he accosted your petitioner in a loud and boisterous manner, and wanted to attack and assault your petitioner, but did not succeed in doing so."

The application resulted in the removal of one of the trustees against whom charges were made, but in the denial of the application for the removal of the plaintiff, Isaac Morah, upon the ground that his inability to read or write was not proper ground under the statute for removal by the Commissioner, and that he had not been proven guilty of intoxication while holding the office of school trustee. The Commissioner further held that any objection as to the legality of an election or appointment must be remedied by an appeal to the Commissioner of Education under other provisions of the statute. Upon

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the trial of the action two questions were submitted to the jury: First, whether the defendant actually believed that the allegations made in the petition were relevant to the application for removal; and, secondly, as to the truth of the charges. The jury found for the plaintiff on both questions, and returned a verdict in accordance with that finding.

[1] Section 95 of the Education Law (Consol. Laws 1910, c. 16) provides for the removal by the Commissioner of Education of any school officer who has willfully violated or neglected a duty or willfully disobeyed any decision, order, or regulation of the Commissioner of Education. Section 880 of the Education Law regulates appeals to the Commissioner of Education. Under this section it is provided that the appeal may be taken by a petition. The section authorizes an appeal to the Commissioner of Education in several cases and generally, in subdivision 7, upon complaint of "any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to the common schools." This right of appeal seems, therefore, to be given from the act of the school commissioner in making the appointment, whether that act be illegal or whether it be improvident by reason of the disqualification of such trustee either intellectually or morally.

[2] In the petition in this case complaint was made that this plaintiff was disqualified for office by reason of his inability to read and write, as well as for moral delinquency. The appointment of plaintiff was recited as having been made by the school commissioner of that commission district to fill a vacancy caused by the death of a former trustee. The appointment was made under section 232 of the Education Law. It is recited that the appointment had not been filed in the office of the clerk of the district as the law required; and the petition further says:

"And your petitioner submits that said Isaac Morah has never been legally appointed trustee of such district and is now in such office only by color of appointment."

[3] It is true that the petition asks for the removal of the trustee, and it was therefore assumed by the Commissioner of Education that the petition was solely under section 95 of the Education Law and did not constitute an appeal under section 880 of said law. Inasmuch, however, as an appeal may be taken by petition under the statute, and as facts are stated which would render the appointment by the school commissioner an improper one, the fact that the petition did not itself ask specifically for a review of this act of the school commissioner, and only for the removal of the trustee, does not take from the Commissioner of Education the power to review the act of appointment as he might lawfully do under an appeal under section 880 of the Education Law. The removal of the trustee is an incident to a determination of the appeal adverse to the trustee. The matters stated in the petition are all relevant to the legality or propriety of plaintiff's appointment and are, therefore, privileged irrespective of the defendant's belief in the relevancy thereof.

[4] The court is of opinion, however, that if the petition be considered simply as a petition for removal under section 95 of the Education Law, nevertheless the judgment must be reversed upon the ground that the findings of the jury upon the two questions submitted were against the weight of evidence. The two questions submitted to the jury were: First, whether the defendant believed the allegations in the petition were material; and, second, whether the matter alleged to be libelous had been justified. A belief by the petitioner in the relevancy of the matter alleged would seem to make the matter privileged within the authorities.

In White v. Carroll, 42 N. Y. 161, 1 Am. Rep. 503, in an action for slander spoken by a defendant as a witness in a judicial proceeding, the court charged the jury that if they found the defendant believed his answers were pertinent and relevant to the question at issue when the words were uttered their verdict should be for the defendant, and this was held to be a correct statement of the law. In Marsh v. Ellsworth, 50 N. Y. 309, the case of White v. Carroll is commented upon and approved, and the decision there made is stated.

"The case shows that the court held that the answer given to the question put to the defendant as a witness before the Surrogate was not material and pertinent to the inquiry; and further held it was privileged if the defendant, when he gave it, in good faith believed it was; and whether he so believed was a question of fact to be determined by the jury. Had the evidence proved that the answer was material and pertinent, the court must have held it privileged, irrespective of the defendant's belief upon the subject."

In Youmans v. Smith, 153 N. Y. 214, 47 N. E. 265, a petition had been presented to the General Term of the Supreme Court for the disbarment of one William Youmans. A large number of specifications of assault and battery, perjury, defamation, malicious prosecution, dishonesty, oppression of clients and others, were set forth and supported by affidavits of 18 witnesses. A denial of these allegations was filed by Mr. Youmans, supported by the affidavits of 54 witnesses, and the court sent the matter to a referee to take the proofs and report the same at a later term. In preparing for the hearing before the referee, the attorney for the petitioner prepared a list of "questions to be asked" during the investigation, and taking it to the printing office of the defendants, in their absence, and without their knowledge, employed the foreman in charge to print 50 copies of the same, stating he wanted them printed for the purpose of handing a copy to each witness, to be used in the disbarment suit. The questions were printed accordingly and delivered to the attorney for the petitioner, and the publishers were thereupon sued for libel, by reason of the matters therein printed. The Court of Appeals held that the publication was privileged. Judge Vann, writing for the court, says:

"The law governing the privilege of parties and their counsel, so far as applicable to the case in hand, was well stated by Judge Grover in Marsh v. Ellsworth, 50 N. Y. 309–311, as follows: 'A counsel, or party conducting judicial proceedings, is privileged in respect to words or writings used in the course of such proceedings reflecting injuriously upon others, when such words and writings are material and pertinent to the questions involved; * * *

within such limit, the protection is complete, irrespective of the motive with which they are used; but such privilege does not extend to the matter, having no materiality or pertinency to such questions.' * * * In applying this principle the courts are liberal, even to the extent of declaring that, where matter is put forth by counsel in the course of a judicial proceeding *that may possibly be pertinent,* they will not so regard it as to deprive its author of his privilege, because the due administration of justice requires that the rights of clients should not be imperiled by subjecting their legal advisers to the constant fear of suits for libel or slander. Any other rule would be an impediment to justice, because it would hamper the search for truth and prevent making inquiries with that freedom and boldness which the welfare of society requires."

The principle above stated is, we think, the principle which must determine the privilege of the defendant in making this petition as a petition for removal under section 95. It is important to the proper administration of our school laws that proper officers be elected to administer the same. It is equally important when improper officers are elected that the mistake should be corrected by proper proceedings for their removal. Citizens are always reluctant to taking upon themselves the odium and expense of such proceedings. They should not be subjected to the additional liability for damages for libel when they act in good faith in making such application. The welfare of the community requires the same liberality in determining their liability and in prescribing their freedom from liability as is held in the case of attorneys in the case cited.

[5] That the plaintiff could neither read nor write was confessed upon the trial. That he was intellectually unfit, therefore, for the office of school trustee, was practically charged by the trial court. That he drank intoxicating liquors as a beverage was admitted by the plaintiff himself. That he had been drunk upon the street was explicitly proven. In a rural community a school trustee is looked upon as a guide and as an example to the boys of the district to follow. A man who drinks to such an extent as even once to have been found drunk upon the street and in the gutter is hardly a proper man to be set up as an example for the boys of the district, unless he had made such reformation as would show contrition for such act. Under these proofs we think that the defendant has fairly justified the charges made in the petition.

[6] As to the defendant's belief in the relevancy of the charges made there can be little doubt. The statute requires as a qualification for the office that the incumbent shall be able to read and write. Section 221, Education Law. In view of the admitted fact that he could neither read nor write, and in view of the evidence as to his habits, even to the extent to which they were confessed, it might well appear to the lay mind that grounds existed for his removal. Added to this natural presumption of the lay mind we have the explicit evidence of defendant's attorney to the effect that he advised the defendant that the allegations were proper and relevant to the proceeding, and that the facts alleged were proper grounds to be urged for plaintiff's removal. It is true that the defendant was not sworn as a witness. With the explicit testimony, however, of the attorney as to the advice given to the defendant, and with the very

strong probability of defendant's belief therein, the finding of the jury to the effect that the defendant did not believe in the relevancy of the charges made is to our mind clearly overborne by the evidence.

The judgment should therefore be reversed upon the law and facts, with costs of appeal, and the complaint dismissed, with costs. The particular findings of fact of which the court disapproves being the findings of the jury that the defendant did not justify the charges made in his petition and that he did not believe that the charges made were relevant to the proceeding instituted.

Judgment and order reversed, with costs, and complaint dismissed, with costs. The particular findings of fact of which the court disapproves being the findings of fact that the defendant did not justify the charges made in his petition, and that he did not believe that the charges made were relevant to the proceeding instituted. All concur, except LYON, J., who votes for reversal and a new trial, and WOODWARD, J., who dissents in an opinion.

WOODWARD, J. (dissenting). I find myself unable to concur in the opinion, or in the conclusion, in this case. The plaintiff appears to have been a member of the board of trustees of school district No. 16, town of Mooers, Clinton county, and the defendant was a resident taxpayer of such district. On the 21st day of November, 1910, the defendant verified a petition, addressed to the Commissioner of Education, praying for the removal of all of the members of the board of trustees, alleging:

"That said trustees are unfit and incompetent persons, intellectually, morally and temperamentally to hold such office; that said Isaac Morah can barely read and write, and has practically no education, and is over sixty years of age; * * * that said Isaac Morah has for many years been addicted to the use of intoxicating liquors as a beverage, and frequently has been intoxicated in public places in the village of Mooers Forks, and on one occasion, about a year ago, said Isaac Morah was intoxicated in said village in a public place, to wit, on the street near J. M. Corkins' store, and he accosted your petitioner in a loud and boisterous manner, and wanted to attack and assault your petitioner, but did not succeed in doing so."·

It appeared from the petition that Mr. Morah was not appointed to the office of trustee until the 22d day of October, 1910, and the petition, made about one month from that time, made absolutely no, charge of any misconduct on his part during the time that he had been in office, nor was there any charge which in any manner brought the case within the jurisdiction of the Commissioner of Education. Section 95 of chapter 140 of the laws of 1910, which is the only provision of law giving the Commissioner of Education power to remove school officers, provides that:

Whenever "it shall be proved to his satisfaction that any trustee * * *, has been guilty of any. willful violation or neglect of duty under this chapter, or any other act pertaining to common schools or other educational institution participating in state funds, or willfully disobeying any decision, order or regulation of the regents or of the commissioner of education, said commissioner may, by an order under his hand and seal, * * * remove such school officer."

The Commissioner very properly held that he had no power to remove Mr. Morah, and the petition in so far as it related to him was dismissed.

Mr. Morah then brought this action to recover damages for the libel uttered against him in the petition, and the case went to the jury upon a charge which submitted the good faith of the defendant in making the charges. The jury has found a verdict of damages against the defendant, and the latter appeals to this court. The opinion, from which I must dissent, holds in effect that the matters set forth in the petition were privileged, and that the judgment should be set aside and the complaint dismissed, and the cases of White v. Carroll, 42 N. Y. 161, 1 Am. Rep. 503, Marsh v. Ellsworth, 50 N. Y. 309, and Youmans v. Smith, 153 N. Y. 214, 47 N. E. 265, appear to be relied upon as authority for this result. These cases do not, in my opinion, justify the conclusion reached, for the reason that the defendant did not make these libelous accusations against the plaintiff in the prosecution of a judicial proceeding, but in a matter in which it is conceded by his own attorney that he made no charges which gave the tribunal jurisdiction.

The Commissioner of Education could not take jurisdiction under the facts set forth in the petition, any more than he could have acted if the defendant had charged that the plaintiff had been guilty of grand larceny or murder, and no one, I believe, will contend that a charge such as is suggested, made before the Commissioner of Education, would tend in any manner to constitute a privileged communication, or to shield the defendant from responsibility for the libel. It may be conceded that if the Commissioner of Education had jurisdiction of the subject-matter of the petition the proceeding would be judicial in its character, but how this can operate to relieve the defendant from the responsibility for his accusations made in a petition to a tribunal of exceedingly limited statutory jurisdiction for the purpose of instituting such proceeding is by no means clear. There was no judicial proceeding of any kind until facts had been presented which gave jurisdiction. The defendant did not set forth a single fact in his petition, so far as this plaintiff is concerned, which in any manner tended to establish that the plaintiff had done or neglected to do anything which brought him within the jurisdiction of the Commissioner of Education in a proceeding for removal from office, and there was no more reason for the defendant to publish the alleged moral delinquencies of the plaintiff to the Commissioner of Education than there was for publishing them to the public generally. The Commissioner had no concern with any matter which was alleged, and, as the libelous allegations could not and did not constitute a foundation for a judicial proceeding, it seems to me that the reason for the rule of privilege has no bearing whatever upon the case now before us, and that the learned court in permitting the case to go to the jury upon the question of the defendant's good faith in making the charges was, to say the least, all that could be fairly asked for in this case, and that no question of the weight of the evidence is open to the consideration of this court.

In White v. Carroll, supra, two physicians of opposing schools were called as witnesses at different times upon the question of the competency of one Jay Phillips at the time of making his will. The defendant on being examined as a witness was asked if some other physician had not attended Mr. Phillips during a certain period. He denied such knowledge, and on the question being put more emphatically replied:

"Not as I know of. I understand he had a quack; I would not call him a physician. I understood that Dr. White, as he is called, had been there."

On the trial of an action for libel based upon these words, the court instructed the jury that they might determine "whether the defendant, at the time he so testified and used the words in question, believed the words so used by him were relevant or pertinent to the question then on trial," and the jury brought in a verdict in favor of the plaintiff, which was sustained on appeal; the court holding that:

The "question was most emphatically a question for the jury; and I think it was submitted to the jury as favorably for the defendant as he had a right to expect or ask."

This comes a long way from holding that the defendant's answer was privileged as a matter of law, and that was a case in which the witness was present under compulsion and made the accusation only after the question being pressed upon him, while in the case now before us the defendant was the primary actor; he was attempting to institute a proceeding for the removal of the plaintiff from office, and, as we have seen, his proceeding never reached the stage of being a judicial proceeding. Marsh v. Ellsworth, supra, approved the doctrine in the case last above mentioned, but held under the particular facts of the case that the objections filed to the discharge of a party in bankruptcy, although containing allegations of a libelous nature, were privileged; that it was necessary to the proper litigation of questions that parties and their attorneys should be free to set up objections involving criminal allegations against witnesses and parties so long as the matters alleged were pertinent to the issues. But in the case now before us, as we have pointed out, there was no issue. The Commissioner of Education, in his relation to the facts alleged in the petition, had no more concern with them than John Doe or Richard Roe or any other citizens or groups of citizens. Youmans v. Smith belongs to the same class of cases as Marsh v. Ellsworth, and has no bearing upon a state of facts such as were before the court in the trial of this action. It seems to me that the defendant was not privileged to libel the plaintiff in a communication to the Commissioner of Education; that the only grounds on which he had a right to invoke the action of that officer are stated in section 95 of the Education Law as found in chapter 140 of the Laws of 1910, and, having failed to bring himself within the provisions of the statute, he took the same risks of an action for libel that he would have taken if he had addressed his communication to the Pope or the President of the United States, or to any other person.

I think the judgment and order appealed from should be affirmed.